**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 10-20076-07-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| TANISHA YOUNG, | ) | No. 12-2487-KHV |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

Defendant pled guilty to conspiracy to manufacture, to possess with intent to distribute and to distribute 50 grams or more of cocaine base. On July 12, 2011, the Court sentenced defendant to 97 months in prison. This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #536) filed July 30, 2012 and defendant's <u>Motion Requesting The District Court To Allow Resentencing Pursuant To 18 U.S.C. § 3582(c)(2) As Revised By Amendment 706 & Amendment 750 Under The Fair Sentencing Act of 2010 #1789</u> (Doc. #571) filed May 13, 2013. For reasons set forth below, the Court overrules defendant's motions.[1]

**Analysis**

**I.     Motion To Vacate Sentence Under 28 U.S.C. § 2255 (Doc. #536)**

Mark A. Thomason represented defendant throughout this proceeding. Liberally construed, defendant's Section 2255 motion alleges that Mr. Thomason was ineffective because (1) he did not

---

[1] In connection with defendant's motion for resentencing, defendant seeks leave to proceed pro se and in forma pauperis. See <u>Motion To Proceed In Pro Se & In Forma Pauperis</u> (Doc. #572) filed May 13, 2013. Defendant need not seek leave of court to file a pro se post-conviction motion. In addition, no filing fee is required for a Section 3582 motion. The Court therefore overrules defendant's motion as moot.

explain the proceedings so that she could understand them, (2) he did not advise the Court that she was not competent to proceed because of a learning disability, (3) he did not secure a better plea agreement or Rule 35 motion based on information which she provided law enforcement about Antonio Clark, (4) he advised her to plead guilty without telling her the name of any government informant against her, (5) he did not object to government use of information which agents obtained in violation of her right against self incrimination, (6) he did not seek dismissal of Count 1 for lack of evidence, (7) he did not object to a two-level enhancement for use of a minor in the offense, and (8) he did not consult her about a possible appeal.[2]

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

To establish ineffective assistance of counsel, defendant must show (1) that the performance of counsel was deficient and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United

---

[2] The Court summarily overrules the government's boilerplate assertion that defendant waived her right to file a Section 2255 motion based on the waiver of collateral attacks in the plea agreement. See United States v. Drayton, No. 10-20018-01-KHV, 2013 WL 789027, at *4 (D. Kan. Mar. 1, 2013).

States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

### A. Failure To Explain Court Proceedings Or To Inform Court Of Her Learning Disability (Claims 1, 2)

Defendant argues that counsel was ineffective because he did not explain court proceedings in terms that she could understand or inform the Court that she was not competent to proceed in light of her learning disability. Defendant has not alleged that she expressed to counsel or the Court that she had difficulty understanding or communicating about the issues in this case. Nothing in the record suggests that defendant did not fully understand the proceedings including her guilty plea and sentencing.[3] Defendant also has not alleged facts which establish that if counsel had explained the issues differently or that if he had informed the Court that defendant was not competent to proceed,

---

[3] The Court conducted a thorough inquiry at the plea hearing. At that time defendant affirmed that she understood the charges against her, the maximum prison term, the rights which she was waiving and the factual basis for her plea. In her written plea agreement and the plea colloquy, defendant affirmed under oath that she had discussed the plea agreement with counsel, that her plea was free and voluntary, that no one had forced or threatened her to enter it, that no promises were made to induce her to plead guilty, that she was fully satisfied with the advice and representation of counsel and that the only reason she was making a plea was that she was in fact guilty as charged. Nothing in the record suggests that defendant's plea was unknowing or involuntary. Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of an accused's statements at a Rule 11 proceeding at which her plea is accepted are conclusively established. United States v. Glass, 66 Fed. Appx. 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978).

the result likely would have been different.[4] The Court overrules defendant's claims that counsel was ineffective because he did not adequately explain the proceedings in this case or inform the Court that defendant was not competent.

### B. Failure To Secure Better Plea Agreement Or Rule 35 Motion (Claim 3)

Defendant claims that counsel was ineffective because he did not secure a better plea agreement or Rule 35 motion based on the information which she provided law enforcement about Antonio Clark. Defendant claims that she received a 48-month reduction for her assistance related to Fabian Dunbar, but that she did not receive any reduction for her assistance related to Clark. At sentencing, the Court sustained the government's motion to reduce defendant's sentence by four levels under U.S..S.G. § 5K1.1, which corresponded to a reduction of 54 to 91 months under the sentencing guidelines.[5] Defendant has not shown that counsel's performance was deficient or prejudicial. Based on the Court's review of the government's sealed motion (Doc. #436) and the government's representation in its response brief (Doc. #546), defendant received credit for her assistance related to multiple individuals including Clark.[6]

---

[4] Defendant states that she needed more explanation before signing the plea agreement, see Reply (Doc. #554) at 2, but she has not alleged that with such additional explanation, she would not have pled guilty.

[5] In her reply, defendant asserts that she did not receive any reduction for substantial assistance. See Reply (Doc. #554) at 1. As noted, however, based on the government's sealed motion, defendant received a four-level reduction of her offense level.

[6] Consistent with Guideline Commentary, the Court gives substantial weight to government counsel's judgment as to the amount of a departure based on the cooperation of a defendant. See U.S.S.G. § 5K1.1, comment. n.3 ("Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain."); see also United States v. Kort, 440 Fed. Appx. 678, 686 (10th Cir. 2011) (Guidelines contemplate reliance on government recommendation). The Court has substantial discretion as to the amount of a departure for substantial assistance. See
(continued...)

To establish deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Strickland, however, mandates that the Court be "highly deferential" in its review of counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The Court must not second guess counsel's assistance with the benefit of hindsight simply because defendant did not receive a greater reduction of her sentence for substantial assistance. See id. The Court therefore overrules defendant's third claim for relief.

**C.    Advice To Plead Guilty Without Disclosing Informant (Claim 4)**

Defendant claims that counsel was ineffective because he advised her to plead guilty without telling her the name of any government informant against her. Defendant has not shown that the government had such an informant. Even if the Court assumes that counsel's performance was deficient in failing to advise defendant about an informant or lack of an informant, defendant has not alleged or shown prejudice. In particular, defendant has not alleged or shown a reasonable probability that if she had had full knowledge of any government informant, she would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002); Miller v. Champion, 262 F.3d 1066, 1068-69 (10th Cir. 2001). Specifically, defendant does not assert that "a decision to reject the

---

⁶(...continued)
Krejcarek, 453 F.3d 1290, 1300 (10th Cir. 2006) (once district court exercises its discretion to depart, determination of extent of that departure within sound discretion of sentencing court and not limited in any way by Guidelines, government recommendation or any agreement by parties); U.S.S.G. § 5K1.1(a). Defendant has not shown that counsel's failure to ask for a further departure for substantial assistance was deficient or prejudicial.

plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 1485 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)). The Court overrules defendant's fourth claim for relief.

### D. Failure To Object To Use Of Defendant's Statements (Claim 5)

Defendant claims that counsel was ineffective because he did not object to government use of information which agents obtained in violation of her right against self incrimination. Defendant has not identified any portion of the information which she provided that government agents later used against her at sentencing. See Plea Agreement (Doc. #212) ¶ 9 (except as authorized by U.S.S.G. § 1B1.8, government agrees not to use new information which defendant provides about her own criminal conduct). Defendant has not alleged facts which would establish that counsel's failure to object to use of her statements was deficient or prejudicial. The Court overrules defendant's fifth claim for relief.

### E. Failure To Seek Dismissal Of Count 1 (Claim 6)

Defendant claims that counsel was ineffective because he did not seek dismissal of Count 1 for lack of evidence. Defendant pled guilty to Count 1 which charged her with conspiracy to manufacture, to possess with intent to distribute and to distribute 50 grams or more of cocaine base. Defendant agreed to the accuracy of the nine-page factual basis for her plea, and the Court found a sufficient factual basis for her plea. Defendant has not identified any inaccuracy in the factual basis for her plea or the legal basis for her counsel to seek dismissal of Count 1. Accordingly, the Court overrules defendant's sixth claim for relief.

### F. Objection To Enhancement For Use Of A Minor (Claim 7)

Defendant claims that counsel was ineffective at sentencing because he did not object to a

two-point enhancement under U.S.S.G. § 3B1.4 for her use of a minor in the offense. Section 3B1.4 of the Sentencing Guidelines provides for a two-level enhancement if defendant uses or attempts to use a minor to commit an offense. Defendant asserts that the enhancement was based on her use of "M.H.," who was only dating her daughter, and had no direct relation to defendant. The presentence investigation report ("PSIR") correctly notes that defendant utilized her minor daughter and "M.H." in her drug trafficking activities. See PSIR (Doc. #427) ¶¶ 59, 70. Accordingly, a two-level enhancement was warranted. See U.S.S.G. § 3B1.4. Defendant has not set forth any plausible basis for an objection to the enhancement. In addition, defendant has not shown that counsel's general performance at sentencing was outside the wide range of reasonable professional assistance or that absent counsel's alleged errors, she would have received a different sentence. See Strickland, 466 U.S. at 689. The Court therefore overrules defendant's seventh claim for relief.[7]

### G. Failure To Consult About An Appeal (Claim 8)

Defendant complains that counsel did not consult her about a possible appeal. Defendant does not allege that she instructed counsel to appeal. In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court rejected a bright-line rule that counsel's failure to consult defendant regarding an appeal is per se deficient. Id. at 480. Instead, counsel must consult defendant about an appeal if counsel has "reason to think either (1) that a rational defendant would want to appeal (for

---

[7] In her reply, defendant also claims that counsel was ineffective at sentencing because he did not object to the calculation of her criminal history score which included two prior theft convictions. Defendant asserts that the Court should not have considered her prior theft convictions because her actual sentences in those cases resulted only in a fine. Defendant identifies no factual or legal basis for such an objection. See U.S.S.G. § 4A1.1(a)-(c) (calculating criminal history score requires adding one point for prior sentence which did not include prison term of 60 days or more); U.S.S.G. § 4A1.2(c) (sentences for all felony offenses are counted). Accordingly, the Court overrules this claim for relief.

example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that [s]he was interested in appealing." Id. In evaluating this type of claim, the Court must take into account all information which counsel knew or should have known. Id. Though not determinative, the Court must also consider the highly relevant factor whether the potential appeal followed a plea or a verdict "both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." Id. When defendant pleads guilty, the Court must also consider such factors as whether defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Id. In addition to deficient performance, defendant must show that counsel's failure to consult about an appeal was prejudicial. To show prejudice in these circumstances, defendant must show a reasonable probability that but for counsel's failure to consult with her about an appeal, she would have timely appealed. Id. at 484.

Based on the record, the Court finds that counsel's alleged failure to consult defendant about an appeal was neither deficient nor prejudicial. First, defendant's conviction was the result of a guilty plea, and her actual sentence (97 months) was significantly less than the statutory maximum sentence of life in prison about which the Court and the plea agreement informed defendant. Defendant did not enter a conditional plea and she expressly agreed that she would not be permitted to withdraw her plea if she did not agree with the sentence which the Court imposed. Second, in the plea agreement, defendant waived her right to appeal or collaterally attack her sentence, thus indicating that she sought an end to judicial proceedings. Third, defendant has not shown that she expressed to counsel any grounds for appealing her conviction or sentence which was significantly

below the statutory maximum.⁸ Based on these facts, reasonable counsel would believe that defendant did not have any non-frivolous issues to appeal and that defendant did not desire to appeal. Therefore, counsel was not deficient in failing to consult defendant about a possible appeal. See United States v. Rios-Garcia, No. 02-20104-01-KHV, 2005 WL 3845345, at *7 (D. Kan. Dec. 8, 2005), appeal dismissed, 200 Fed. Appx. 793 (10th Cir. 2006), cert. denied, 549 U.S. 1241 (2007); United States v. Flowers, No. 03-3051-SAC, 2004 WL 1088767, at *8 (D. Kan. Apr. 12, 2004).

Even if counsel was deficient in not consulting defendant about a possible appeal, defendant has not shown a reasonable probability that but for counsel's deficient performance, an appeal would have been filed.⁹ In light of the waiver in the plea agreement and the significant reduction of defendant's sentence based on the plea agreement, defendant has not identified and the Court cannot find any non-frivolous grounds on which she could have appealed. Defendant has not shown a reasonable probability that she would have filed a notice of appeal had counsel consulted with her. Rios-Garcia, 2005 WL 3845345, at *8; Flowers, 2004 WL 1088767, at *8. The Court therefore overrules her eighth claim for relief.

## **Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle

---

⁸ Defendant states that on one occasion, she called and talked to counsel about "appealing my sentence or about my case," and that counsel told her to call him back in a few days to talk about it. Motion Under 28 U.S.C. § 2255 (Doc. #536) at 3. Defendant does not state when she made this call and she does not allege that she specifically asked counsel to file an appeal.

⁹ The Court does not presume prejudice in these circumstances. That presumption only applies where counsel disregards a defendant's specific instructions to file an appeal. See Roe, 528 U.S. at 477, 484-85; United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). Here, defendant does not allege that she asked counsel to file an appeal.

her to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218 (Table), 1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

**Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[10] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**II.    Motion For Resentencing Under 18 U.S.C. § 3582 (Doc. #571)**

Defendant asks the Court to reduce her sentence based on the Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372 ("FSA") and Amendment 750 to the Sentencing Guidelines,

---

[10]    The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

which implemented portions of the FSA.[11] In part, the FSA raised from 50 to 280 grams the amount of crack cocaine necessary to trigger the ten-year mandatory minimum. Here, the statutory change does not apply to defendant because the Court determined that in light of defendant's substantial assistance, the mandatory minimum did not apply.

The FSA and Amendment 750 also reduced the crack cocaine/powder cocaine ratio to 18:1 in the Sentencing Guidelines. Here, the Court determined that defendant was accountable for 479.11 grams of cocaine base, with a corresponding base offense level of 32. See PSIR ¶ 67. Because the FSA and Amendment 750 did not impact defendant's offense level or sentencing guideline range,[12] the Court overrules defendant's motion for resentencing under 18 U.S.C. § 3582(c)(2).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #536) filed July 30, 2012 be and hereby is **OVERRULED**. A certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

---

[11] Defendant also seeks relief under Amendment 706, which modified the Drug Quantity Table in U.S.S.G. § 2D1.1(c) downward two levels for crack cocaine, effective November 1, 2007, and retroactive as of March 3, 2008. The Court overrules defendant's motion as to Amendment 706 because that amendment was already incorporated in the Sentencing Guidelines when the Court sentenced her. See PSIR ¶ 65 (applying November 1, 2009 edition of Sentencing Guidelines).

[12] Because the 2010 Guidelines resulted in a greater offense level due to application of a two-level enhancement under U.S.S.G. § 2D1.1(b)(12) (maintaining premises for manufacturing or distribution of controlled substance), the PSIR applied the 2009 Guidelines. Defendant's base offense level of 32 based on 479.11 grams of cocaine base, however, was the same under the 2009 and 2010 Guidelines. See U.S.S.G. § 2D1.1(c)(4) (Nov. 1, 2009) (level 32 for 280 grams to 840 grams of cocaine base); U.S.S.G. § 2D1.1(c)(4) (Nov. 1, 2010) (level 32 for 150 grams to 500 grams of cocaine base).

**IT IS FURTHER ORDERED** that defendant's Motion Requesting The District Court To Allow Resentencing Pursuant To 18 U.S.C. § 3582(c)(2) As Revised By Amendment 706 & Amendment 750 Under The Fair Sentencing Act of 2010 #1789 (Doc. #571) filed May 13, 2013 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Motion To Proceed In Pro Se & In Forma Pauperis (Doc. #572) filed May 13, 2013 be and hereby is **OVERRULED as moot**.

Dated this 23rd day of August, 2013 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge